UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| LAURIE BOLLINGER, ) | |
| ) | |
| Plaintiff, ) | 3:06-CV-0392-LRH (VPC) |
| ) | |
| vs. ) | |
| ) | ORDER |
| JOHN LILLEY, an individual, NEVADA ) | |
| SYSTEM OF HIGHER EDUCATION, a ) | |
| political subdivision of the State of Nevada, ) | |
| DAVID THAWLEY, an individual, ESMAIL ) | |
| D. ZANJANI, an individual, MARY DUGAN, ) | |
| an individual, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Presently before this court is Plaintiff Laurie Bollinger's motion to dismiss (#34). Defendants, John Lilley, the Nevada System of Higher Education, David Thawley, and Esmail Zanjani, have filed an opposition (#36), to which no reply has been filed.

Plaintiff filed the present lawsuit in this court on July 15, 2006, paying all applicable fees. An answer was filed on August 10, 2006. On August 14, 2006, Mary Dugan filed a motion to dismiss which was granted by the court on March 12, 2007, removing Ms. Dugan from the lawsuit. Discovery was completed and, on July 9, 2007, Defendants filed a motion for summary judgment as to all claims. It is at this point that this matter derailed itself from the normal litigation track.

On July 23, 2007, Plaintiff's counsel filed a two page opposition to Defendants' motion for summary judgment. The opposition admits that at least one of Plaintiff's claims is flawed and should be dismissed. Plaintiff's counsel then advises that Plaintiff would prefer to proceed

1  in state court. The pleading then notes that the aforementioned motion to dismiss has been
2  concurrently filed. Plaintiff's counsel asks the court to declare the motion for summary judgment
3  moot as to all but one claim, to dismiss the Nevada System of Higher Education under that claim
4  and then to dismiss all remaining defendants without prejudice on all claims so that the Plaintiff
5  may reassert her claims in state court. Defendants have opposed this request.
6        Federal Rule of Civil Procedure 41(a)(2) controls the process for voluntary dismissal of
7  actions once an answer or motion for summary judgment has been filed. Rule 41(a)(2) provides:
8  "An action shall not be dismissed at the plaintiff's instance save upon order of the court and upon
9  such terms and conditions as the court deems proper." "A district court should grant a motion for
10 voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some
11 plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (footnote
12 omitted). "Plain legal prejudice may be shown where actual legal rights are threatened or where
13 monetary or other burdens appear to be extreme or unreasonable." *Watson v. Clark*, 716 F.Supp.
14 1354, 1355 (D. Nev. 1989). Such prejudice has been found where the proceedings were at such
15 an advanced stage "so as to prejudice [the] defendant by waste of time and expense in
16 preparation of defense," *id.* (*citing to Green Giant Co. v. M/V Fortuen Star*, 92 F.R.D. 746 (S.D.
17 Ga. 1981), and where dismissal of a party would have resulted in the inability to conduct
18 sufficient discovery on the remaining claims. *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1169
19 (9th Cir. 1994). Prejudice may also arise where the party seeking dismissal has been dilatory in
20 seeking dismissal. *See Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)
21 (recognizing the grounds for prejudice but disagreeing with the district court's determination that
22 the party seeking dismissal had been dilatory in its actions).
23       The court finds that plain legal prejudice would exist if dismissal was granted at this late
24 date. This matter has proceeded through a motion to dismiss and all of the discovery process.
25 The costs incurred and the time spent have likely been great. Faced with a motion for summary
26 judgment demonstrating that at least one of Plaintiff's claims is improper, brought after one of
27 the original Defendants has been dismissed, Plaintiff now seeks to invalidate most of the time
28 and effort spent by Defendants in defending this matter simply to re-file in state court. The

burdens which would be imposed upon Defendants as a result of a dismissal at this stage would clearly be extreme and unreasonable.

The court also finds that Plaintiff has been dilatory in seeking dismissal. Plaintiff's counsel is a frequent practitioner before this court and has litigated many claims against government entities, including the Nevada System of Higher Education. He is presumed to have completed a basic analysis of his client's case to determine that her claims were warranted before filing suit. *See* Fed. R. Civ. P. 11(b)(2). After conducting this analysis, counsel and his client chose to file in Federal Court. This matter has now been pending for over a year, has had previous motions decided, the discovery process has been completed and a fully briefed motion for summary judgment has been submitted by Defendants. Given this history, Defendants would be exposed to plain legal prejudice if Plaintiff's motion was granted. On all of these grounds, Plaintiff's motion shall be denied.

It is therefore ORDERED that Plaintiff's motion to dismiss (#34) is DENIED. Plaintiff has requested one week to file an opposition to Defendants' motion for summary judgment (#32) on the issue concerning the individual Defendants' liability. The court will grant Plaintiff seven days from the date this order is filed to file such an opposition. No extension will be granted.

IT IS SO ORDERED.

DATED this 17th day of August, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE